UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EUGENE LEWANDOWSKI, | : | |
| Plaintiff, | : | Civ. No. 19-15710 (RBK) (AMD) |
| v. | : | |
| BUREAU OF PRISONS, | : | **OPINION** |
| Defendant. | : | |

KUGLER, United States District Judge:

Before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17.) Plaintiff filed an Opposition, (ECF No. 21), Defendant filed a Reply, (ECF No. 25), and Plaintiff filed a Sur-Reply, (ECF No. 26-1). After reviewing the parties' submissions, the Court ordered supplemental briefing on, among other things, whether the Administrative Procedure Act applies to Petitioner's sole claim, (ECF No. 28.), and the parties have submitted their supplemental briefing, (ECF Nos. 33, 34). For the following reasons, the Court will grant Defendant's motion and dismiss the Complaint for failure to state a claim.

## I.   BACKGROUND

This case arises from Petitioner's incarceration at FCI Fairton in Fairton, New Jersey. In October of 2014, the United States District Court for the District of Maryland sentenced Petitioner to, among other things, three hundred and sixty months in prison for sexual exploitation of a minor for the purpose of producing child pornography and transportation of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252(a)(1). (*United States v. Lewandowski*, Crim No. 14-82, ECF No. 24 (D. Md.).)

At some point after arriving at FCI Fairton, Plaintiff asked for permission to use the Bureau of Prison's ("BOP") public access messaging service, TRULINCS. As this Court has summarized:

> TRULINCS is an email communication system that the BOP has permitted inmates to use since 2005. The self-contained system is used exclusively by the BOP. To use the system, an inmate enters the name, address, telephone number and email address of the recipient. The information must be verified by BOP staff before an invitation to participate is sent to the recipient. The invitation informs the recipient that the inmate wishes to add the recipient as an email contact, provides the rules of the TRULINCS system, and directs the recipient to the TRULINCS website to accept the invitation and agree to receive email from the recipient.
>
> TRULINCS messages do not operate like regular email. The recipient receives an email stating that a message is waiting, and the recipient must log in to the TRULINCS system to read and respond to the message. Every message sent to and from the inmate is recorded and monitored. No message ever leaves the TRULINCS system.
>
> BOP Program Statement 4500.11, § 14.9 states, "inmates are only restricted from using TRULINCS . . . when absolutely necessary to protect the safety, security, or orderly operation of the correctional institution or the protection of the public or staff." As to sex offenders, the Program Statement further provides "inmates whose offense conduct, or other personal history indicates a propensity to offend operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction." The Program Statement directs staff to identify inmates whose "participation in the public messaging service poses a realistic threat."

*Doe v. Ortiz*, No. 18-2958, 2019 WL 287305, at *3 (D.N.J. Jan. 22, 2019) (citations omitted).

On July 30, 2019, Acting Warden J.L. Jamison (hereinafter "Warden"), denied Plaintiff's request to access TRULINCS. (ECF No. 17-2, at 2.) The Warden found as follows:

> A review of inmate Lewandowski's PSI indicate s on February 1, 2014, Department of Homeland Security federal agents executed a search warrant at LEWANDOWSKI's residence. As part of the search, forensically trained law enforcement officers conducted an on- site preview of the computers and other digital media in the home. During the forensic preview of a Sony Handycam hand-held

2

> video camera found in LEWANDOWSKI's jacket pocket, law enforcement discovered eleven videos of a five-year-old female child sleeping. LEWANDOWSKI recorded all of the videos between January 10, 2014, and January 11, 2014. During the search, LEWANDOWSKI was interviewed and admitted to touching the five-year-old child in a sexual manner when the child was at his residence. LEWANDOWSKI also admitted to using a file sharing program and email to distribute and receive images and videos of child pornography.

(*Id.*)  Thereafter, it appears that Plaintiff appealed to the BOP's Regional and Central Offices and received a denial at each level.

In July of 2019, Plaintiff filed the instant Complaint, alleging that the BOP's decision to deny him access to TRULINCS was arbitrary and capricious under the Administrative Procedure Act. (ECF No. 1.)  Defendant filed a motion to dismiss the Complaint under Rule 12(b)(6), (ECF No. 17.), Plaintiff filed an Opposition (ECF No. 21.), Defendant filed a Reply (ECF No. 25.), and Plaintiff filed a Sur-Reply, (ECF No. 26-1.).  At the Court's request, the parties submitted supplemental briefing. (ECF Nos. 33, 34.)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*.

"When deciding a motion to dismiss, a court typically does not consider matters outside the pleadings." *Bermudez v. Blue Cross & Blue Shield of New Jersey*, No. 19-21637, 2020 WL 4188159, at *2 (D.N.J. July 21, 2020) (internal quotation marks omitted). "However, a court may consider documents that are 'integral to or explicitly relied upon in the complaint' or any 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 372 (D.N.J. 2019) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

"Reliance on these types of documents does not convert a motion to dismiss into a motion for summary judgment," since a "plaintiff obviously is on notice of the contents [of] the document, and the need for a chance to refute evidence is greatly diminished." *Id.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196–97 (3d Cir. 1993)) (internal quotation marks omitted).

### III.  DISCUSSION

Plaintiff brings this action under the Administrative Procedure Act ("APA"), alleging that Defendant violated the APA by denying Plaintiff access to TRULINCS. Plaintiff contends that

4

the denial was arbitrary and capricious, in violation of the APA. (ECF No. 1, at 3.) Among other arguments, Defendant argues that the Complaint fails to state a claim under the APA.

Under our jurisprudence, "[t]he APA waives the sovereign immunity of the United States and allows for judicial review of federal agency actions in certain circumstances." *State of N.J. v. United States*, 91 F.3d 463, 470 (3d Cir. 1996) (citing 5 U.S.C. § 702). A person suffering a legal wrong because of a final agency action is entitled to judicial review under the APA unless: "(1) statutes preclude judicial review; or (2) [the] agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)–702; *State of N.J.*, 91 F.3d at 470.

The agency discretion exception applies in "those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Gentile v. Sec. & Exch. Comm'n*, 974 F.3d 311, 318–19 (3d Cir. 2020) (quoting *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993)). "Those situations often involve 'a complicated balancing of a number of factors which are peculiarly within [the agency's] expertise.'" *Id.* (quoting *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)). The agency discretion exception also bars claims based on "day-to-day management decisions if those decisions require judgment as to which of a range of permissible courses is wisest." *Fazi v. United States*, 935 F.2d 535, 538 (2d Cir. 1991) (citing *United States v. Gaubert*, 499 U.S. 315 (1991)).

The Third Circuit clarified, however, that the APA does not provide "an implied grant of subject-matter jurisdiction." *Chehazeh v. Att'y Gen. of U.S.*, 666 F.3d 118, 125 n.11 (3d Cir. 2012) (quoting *Califano v. Sanders*, 430 U.S. 99, 99 (1977)). Instead, the ordinary federal question statute, 28 U.S.C. § 1331, "confer[s] jurisdiction on federal courts to review agency action." *Id.* (quoting *Califano*, 430 U.S. at 105.); *see Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n. 47 (1979) ("Jurisdiction to review agency action under the APA is found in 28 U.S.C. § 1331.").

5

Stated differently, the APA merely provides "a limited cause of action for parties adversely affected by agency action," rather than an independent grant of subject matter jurisdiction. *Chehazeh*, 666 F.3d at 125 n.11 (quoting *Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2009)). As a result, when a plaintiff complains "about an action that is committed to agency discretion by law, it does not mean that a court lacks subject matter jurisdiction over the claim." *Id*. (quoting *Ochoa v. Holder*, 604 F.3d 546, 549 (8th Cir. 2010)).

With those principles in mind, the BOP created and operates TRULINCS "pursuant to the authority granted in 18 U.S.C. § 4042(a)(1)." *E.g.*, *Sebolt v. LaRiva*, No. 15-353, 2017 WL 2271441, at *6 (S.D. Ind. May 23, 2017), *aff'd sub nom*. *Sebolt v. Samuels*, 749 F. App'x 458 (7th Cir. 2018). Under § 4042(a)(1), Congress granted the BOP the authority to "have charge of the management and regulation of all Federal penal and correctional institutions." 18 U.S.C. § 4042(a)(1).

"The absence of specific guidelines means that the BOP has broad discretion in fulfilling its responsibilities and implementing § 4042." *Sebolt*, 2017 WL 2271441, at *6; *see also White v. True*, No. 19-418, 2020 WL 1352112, at *3–4 (S.D. Ill. Mar. 23, 2020), *aff'd*, 833 F. App'x 15 (7th Cir. 2020); *Green v. Maye*, No. 12-65, 2012 WL 1982249, at *3 (W.D. Tex. June 1, 2012); *Gleave v. Graham*, 954 F. Supp. 599, 609 (W.D.N.Y. 1997), *aff'd*, 152 F.3d 918 (2d Cir. 1998).

In other words, because § 4042(a) addresses only the general responsibilities of the BOP, "[t]he absence of specific guidelines of appropriate conduct . . . in administering these duties . . . leaves judgment or choice to BOP officials." *Scrima v. Hasty*, 1998 WL 661478, at *2–3 (S.D.N.Y.1998); *cf. Gentile*, 974 F.3d at 319 ("And without judicially manageable standards to evaluate those considerations, an agency decision to investigate is similarly committed to agency

discretion by law."). "Nor has Congress by statute or the [BOP] by regulation articulated specific standards governing a decision" to provide or deny TRULINCS access. *Gentile*, 974 F.3d at 319.

In his brief, Plaintiff relies on BOP Program Statement 4500.12[1] to challenge his denial, but "Program Statements are 'internal agency guidelines,' rather than 'published regulations subject to the rigors of the Administrative Procedure Act,' . . . and thus [they] 'do not create entitlements enforceable under the APA.'" *Solan v. Zickefoose*, 530 F. App'x 109, 112 (3d Cir. 2013) (quoting *Reno v. Koray*, 515 U.S. 50, 61 (1995)) (citing *Robinson v. Sherrod*, 631 F.3d 839, 842 (7th Cir. 2011)); *Eads v. Fed. Bureau of Prisons*, No. 19-18394, 2021 WL 1085459, at *3 (D.N.J. Mar. 22, 2021).

Rather, Program Statements "can be altered at will," and are "not subject to rule-making proceedings so as to create a right under the [APA]." !*Robinson*, 631 F.3d at 842; *Ford v. Bureau of Prisons*, No. 12-0873, 2013 WL 5603587, at *16 (M.D. Pa. Oct. 11, 2013), *aff'd*, 570 F. App'x 246 (3d Cir. 2014); *Rezaq v. Fed. Bureau of Prisons*, No. 13-990, 2016 WL 11647743, at *5 (S.D. Ill. Mar. 8, 2016).

Indeed, in *Solan*, 530 F. App'x at 111–12, the Third Circuit addressed an APA challenge to a decision under TRULINCS Program Statement 5265.13, a predecessor of the current Program Statement 4500.12. In that case, the Third Circuit held that "Solan cannot state a valid claim," because the TRULINCS Program Statement did "not create entitlements enforceable under the APA." *Id*. at 112 (quoting *Robinson*, 631 F.3d at 842).

---

[1] With regard to the Program Statements that have addressed TRULINCS over the years, Program Statement 4500.12 is current as of March 14, 2018. This statement replaced Program Statement 4500.11, which replaced Program Statement 5265.13. In his papers, Plaintiff relies on the September 13, 2010, Dodrill Memorandum, which provided supplemental guidance to Program Statement 5265.13.

Next, Plaintiff relies on the September 13, 2010, Dodrill Memorandum, which provided supplemental guidance to Program Statement 5265.13, a predecessor of the current Program Statement 4500.12.  With regard to sex offenders like Plaintiff, the memorandum states:

> Inmates cannot be restricted from the TRULINCS electronic messaging function simply based on a current or prior sex offense conviction.  Rather, only inmates whose offense conduct, or other personal history, indicates a propensity to offense through the use of electronic messaging should then be seriously considered for restriction [from TRULINCS].  This does not include inmates who previously offended by exchanging computer data files of pornographic images (children or otherwise) insofar as TRULINCS electronic messaging does not provide that function.  Therefore, the risk of such further activity does not exist.  Only inmates whose offense conduct or personal histories include using electronic messaging to solicit or accomplish offensive conduct with a victim should be restricted.

(ECF No. 21, at 9.)  According to Plaintiff, because the memorandum "specifically excludes" his crime, the use of a "file sharing program and email to distribute and receive images and videos of child pornography," the BOP should provide him with TRULINCS access.  (*Id*. at 5.)

Like program statements, however, the Dodrill Memorandum is an internal agency guideline.  The Third Circuit has expressly held that "agency interpretive guidelines do not rise to the level of a regulation and do not have the effect of law." *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004); *see also, e.g., Eads*, 2021 WL 1085459, at *3; *Cyrus v. Laino*, No. 08-1085, 2008 WL 2858290, at *6 (M.D. Pa. July 22, 2008).  As a result, like program statements, they "do not create entitlements enforceable under the APA.'" *Solan*, 530 F. App'x at 111–12 (quoting *Robinson*, 631 F.3d at 842); *Eads*, 2021 WL 1085459, at *3.

In his supplemental briefing, Plaintiff refers to *I.N.S. v. Yueh-Shaio Yang*, 519 U.S. 26, 32 (1996), in which the Supreme Court held that:

> Though the agency's discretion is unfettered at the outset, if it announces and follows-by rule or by settled course of adjudication-

8

> a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion' within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

In light of that text, Plaintiff argues that the APA applies because the TRULINCS Program Statement and Dodrill Memorandum, announced "a general policy by which [the BOP's] exercise of discretion will be governed." (ECF No. 34, at 3. (quoting *Yueh-Shaio Yang*, 519 U.S. at 32).) Plaintiff ignores, however, the Supreme Court's qualifier "by rule or by settled course of adjudication." *Yueh-Shaio Yang*, 519 U.S. at 32. As discussed above, the TRULINCS Program Statement and the Dodrill Memorandum are not "rules" within the meaning of the APA, they do not have the effect of law, and they do not create entitlements under the APA.

Nor is the Court aware of any "settled course of adjudication," as there was in *Yueh-Shaio Yang*, in which courts have limited the BOP's discretion with regard to TRULINCS. *See generally Yueh-Shaio Yang*, 519 U.S. at 32 (citing *Delmundo v. I.N.S.*, 43 F.3d 436, 440 (9th Cir. 1994) ("The BIA has held that when considering § 212(i), fraud and misrepresentation used to obtain a visa should not be held as an adverse factor.")).

For all those reasons, this Court agrees with other courts throughout the nation[2] that have held that a decision arising from a TRULINCS Program Statement is "unreviewable" under the APA "because it falls within the BOP's broad discretionary powers to administer prisons." *Sebolt*, 2017 WL 2271441, at *6 (citing *Hammonds v. Federal Bureau of Prisons*, 2012 WL 759886 at *2

---

[2] In his supplemental briefing, Plaintiff refers to *Doe v. Ortiz*, No. 18-2958, 2019 WL 3432228, at *6–7 (D.N.J. July 30, 2019), in which Judge Bumb denied an APA claim, on the merits, that had challenged a Warden's decision to deny access to TRULINCS. (ECF No. 34, at 6–7.) This Court has reviewed the case and concludes that Judge Bumb merely assumed, *arguendo* that the APA applies, as the plaintiff in that case had otherwise failed to state a claim.

Our jurisprudence allows courts to assume that a particular law applies or that other issues apply in a party's favor if it would have no practical difference on the outcome.

(N.D. Tex. March 7, 2012); *Green*, 2012 WL 1982249 at *3; *Harrison v. Federal Bureau of Prisons*, 464 F. Supp. 2d 552, 558 (E.D. Va. 2006)).

In sum, although the APA can apply to statutes generally, the BOP created and administers the TRULINCS program under § 4042(a), which provides the BOP with broad discretionary powers to administer prisons. Although there are program statements and memoranda on TRULINCS, they are only internal agency guidelines, which are alterable at will, and do not create enforceable rights under the APA. *Solan*, 530 F. App'x at 111–12; *Robinson*, 631 F.3d at 842. Consequently, because § 4042(a) offers "no meaningful standard against which to judge" the BOP's actions, the decision to deny Plaintiff TRULINCS access was "committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *cf. Gentile*, 974 F.3d at 318–19 (quoting *Lincoln*, 508 U.S. at 191).

Accordingly, because the agency discretion exception applies, 5 U.S.C. § 701(a)(2), Plaintiff cannot challenge the decision to deny him TRULINCS access under the APA. As a result, the Complaint fails to state a claim, and the Court will grant Defendant's motion to dismiss.

### IV.  CONCLUSION

For the foregoing reasons, Court will grant Defendant's motion to dismiss. An appropriate Order follows.

DATED: December 16, 2021                              /s Robert B. Kugler\_\_\_
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge